GARRISON, Judge.
The defendant, Arthur Jackson, was charged by bill of information with theft of property valued at less than $100.00, with two prior theft convictions, in violation of LSA-R.S. 14:67. After the defendant waived his right to a jury trial, the trial judge found the defendant guilty as charged and sentenced him to one year at hard labor and a $1,000.00 fine. Defendant now appeals his conviction and sentence.
On May 3,1986, Officer Theodore Aufde-morte of the New Orleans Police Department responded to a complaint at the National-Canal Villere grocery store on Canal Street and South Carrollton Avenue in New Orleans. Michael Murchison, the manager of the store, gave the officer a physical description and license plate number of a man suspected of stealing a roast valued between forty and fifty dollars from the store.
Murchison testified that he first noticed the defendant as he was pushing a grocery cart filled only with a large roast and some soft drinks. Because the defendant was acting in a suspicious manner, Murchison decided to watch him until he left the store. The defendant brought the cart down an aisle and when Murchison followed seconds later, he found the basket abandoned with only the soft drinks still inside. Murchison then ran to the front of the store and outside into the parking lot where he saw the defendant standing next to his car. Murchison watched the defendant lift up his loosely-fitting shirt, pull out the roast which he had hidden under his clothing and throw the roast into the car. The defendant then sped off in his car but Murchison managed to note the license plate number on defendant’s car. Murchison called the police after questioning the cashiers in the store and ascertaining that none of them had checked out a customer buying a large roast in the moments before defendant’s exit from the parking lot.
The police made a computer check of the license plate number given to them by Murchison and learned that the car bearing that license number belonged to the defendant. Because the defendant had prior convictions, the police had a photograph of him and placed it in a photographic lineup which was presented to Murchison. Murchison selected defendant’s photograph as being that of the man who he saw steal the roast from National-Canal Villere. Defendant was later arrested for this theft.
On appeal, the defendant’s attorney alleges three assignments of error and the defendant filed pro se briefs containing five assignments of error. Because some of the assignments of error are addressed in more than one brief, they will be consolidated for purposes of this opinion.
Defense counsel’s assignment of error one and pro se assignment of error four deal with the pre-verdict production by the prosecutor of a copy of a civil suit filed in federal court by the defendant against National-Canal Villere and the Orleans Parish District Attorney’s office for alleged torts perpetrated against the defendant. The prosecutor argued that he received this suit after both sides had rested their cases and that he could have used the suit to impeach some witnesses’ testimony in this case by showing that they were interested parties in the civil suit. The defense filed a motion to quash this document which was denied *683 by the trial judge. Both the defendant and his counsel argue that the production of the copy of the civil suit after the close of evidence amounted to prosecutorial misconduct.
The record in this case clearly shows that the copy of this civil suit was not introduced into evidence and, therefore, is not part of the record. Furthermore, the trial judge stated repeatedly that he had reached his decision in this case before learning of the existence of the civil suit and that knowledge of the suit did not affect his decision. Therefore, this assignment of error is without merit.
In defense counsel’s assignment of error two and pro se assignment of error three, the defendant argues that the trial judge erred in denying his motion for new trial. Specifically, defense counsel argues that the motion for new trial should have been granted because the trial judge viewed the crime scene outside of the defendant’s presence.
The trial judge stated that he did not go to the National-Canal Villere in order to “view the scene of the crime.” He simply went to that grocery store on the night after the first day of testimony to buy some groceries. There is no indication that the judge followed the steps taken by the defendant or even that he knew how the defendant had moved through the store. As such, his going to the grocery store that night was not a “viewing of the scene of the crime.” Therefore, this assignment of error is without merit.
In defense counsel’s assignment of error three and pro se assignment of error five, the defendant argues that his conviction and sentence for his third theft offense should be invalidated because one of his prior theft convictions on which his conviction as a third time offender was based was reversed subsequent to his conviction in the instant case. Although the defendant pled guilty to the prior theft offense shortly after the conviction in that case was reversed and a new trial was granted, the defendant argues that his conviction as a third time theft offender should be vacated.
LSA-R.S. 14:67 states, in pertinent part:
“When the misappropriation or taking amounts to less than a value of one hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both. If the offender in such cases has been convicted of theft two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than one thousand dollars, or both.”
We conclude that the reversal of one of defendant’s prior theft convictions subsequent to his conviction as a third time theft offender mandates that his conviction as a third time theft offender be reversed because he no longer has two prior theft convictions in addition to his current theft offense; rather, defendant has one prior conviction and one subsequent conviction. Because we find that the reversal of one of defendant’s prior convictions subsequent to his third conviction results in the defendant’s case no longer meeting the requirements of the second sentence of LSA-R.S. 14:67, we reverse the defendant’s conviction as a third time theft offender and find him guilty of the lesser included offense of theft of property valued at less than one hundred dollars.
In pro se assignment of error one, the defendant argues that the trial judge erred in not granting his motion for judgment of acquittal at the close of the State’s case. Specifically, he argues that the State did not prove that the theft in the instant case occurred on May 3, 1986 as alleged in the bill of information.
Defendant’s motion for judgment of acquittal was based on the fact that Michael Murchison, the manager of the National-Canal Villere, testified that he thought the crime occurred on a Wednesday but that he was not certain of that fact. However, the defendant pointed out that May 3,1986, the date of the crime as stated in the bill of information, was a Saturday.
*684 Murchison’s mistake as to the day of the week on which the crime occurred is a fact to be weighed by the trier of fact along with all other facts of the witness’ testimony in determining whether the witness remembered the crime clearly enough to testify as to its details. In light of the other specific details of the crime as to which Murchison testified, the trial judge did not err in denying defendant’s motion for judgment of acquittal.
Finally, in pro se assignment of error two, the defendant argues that the evidence was insufficient to support his theft conviction. In determining the sufficiency of evidence, this court must view the evidence in the light most favorable to the prosecution and determine if a rational trier of fact could have concluded that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The elements of the crime of theft are: (1) that there be a misappropriation or taking, (2) that the misappropriation or taking be of a thing of value, (3) that the thing belong to another, and (4) that the misappropriation or taking be with the intent to deprive the other permanently of that which is the subject of the taking. LSA-R. S. 14:67; State v. Pittman, 368 So.2d 708 (La.1979). In this case, Mr. Murchison saw the defendant with the roast in his shopping cart. He followed defendant as he rounded the comer of an aisle and found only the deserted shopping cart which no longer contained the roast. Murchison ran out of the store and saw the defendant pull the roast out from under his clothing and throw it into the back of the car. None of the cashiers on duty had sold a roast to the defendant. Murchison testified that the roast was valued at forty to fifty dollars.
Based on these facts, we conclude that the evidence was sufficient to support a conviction for theft of property valued at less than one hundred dollars. However, as stated in the discussion of defense counsel’s assignment of error three and pro se assignment of error five, the defendant’s conviction as a third time theft offender is reversed and defendant is hereby found guilty of the lesser included offense of theft of property valued at less than one hundred dollars. Defendant’s sentence is vacated and this case is remanded for re-sentencing.
ORIGINAL CONVICTION REVERSED; CONVICTION FOR THEFT OF PROPERTY VALUED AT LESS THAN ONE HUNDRED DOLLARS ENTERED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.