liGRISBAUM, Judge.
Here, defendant, James Conner, was found guilty of misdemeanor theft. He appeals his conviction based on insufficiency of the evidence. This matter was incorrectly lodged as an appeal and docketed as such. We have, like we have done in the past, accorded the matter writ status under the guise of judicial economy. This approach is inconsistent with our legislative scheme for the appropriate exercise of our supervisory jurisdiction and will not be repeated henceforth.
We grant the writ. We reverse the conviction and set aside same.

BASIC RECORD FACTS

Mrs. Bertha Walker testified at trial that she was contacted by telephone by the defendant. Mrs. Walker’s son, Keith, was at that time incarcerated in the Jefferson Parish Correctional Center on a burglary charge. Keith Walker also had a pending probation revocation on an earlier conviction. Mrs. Walker testified she expected contact from the defendant because her son had stated Mr. Conner would be calling her. Defendant offered to help Keith Walker get out of jail and into the Salvation Army’s Rehabilitation Center.
ROn May 26,1992, defendant went to Mrs. Walker’s house, where he discussed the matter with Mrs. Walker and her husband. Mrs. Walker informed defendant that her son had an alcohol problem. Defendant told Mrs. Walker that he worked with the Salvation Army, and, by working as a liaison with the courts, he had gotten others out of jail and into the organization’s rehabilitation program. Defendant further informed Mrs. Walker that he was “99% sure” that he could get her son out of jail.
Defendant told Mrs. Walker that he would attempt to find Keith a job in anticipation of his completion of the Salvation Army’s program. He requested $200 from Mrs. Walker to cover expenses he would incur in performing the job search. Mrs. Walker gave defendant a personal check, in the amount of $200, made out to “James F. Conner.” Mrs. Walker also signed a document purporting to be a power of attorney granting defendant the authority “to assist me in handling the particular matter involving my son Keith Walker AND [sic] State of Louisiana.” Mrs. Walker testified that the $200 check was debited from her account. After the meeting with defendant, Mrs. Walker was informed by her son’s probation officer that he would not be eligible for rehabilitation. However, she never informed the defendant of this during the five or six times they spoke, nor did she request a refund of her $200. On cross-examination, Mrs. Walker admitted defendant offered to give her money back. She admitted the defendant did not tell her he *310 had any legal power to release a person from jail in Jefferson Parish. Even Mrs. Walker testified she thought the money would go to cover defendant’s expenses and leg work.
After Keith Walker was sentenced to jail time instead of rehabilitation, Mrs. Walker contacted Detective Troy Bradberry of the Jefferson Parish Sheriffs Office. Detective Bradberry testified he conducted an investigation, which consisted of inquiries to the Salvation Army and to Keith Walker’s probation officer, Mr. Henry Watermeier. Upon completing his investigation, the detective ^obtained an arrest warrant for defendant and arrested him on a charge of theft by fraud.
Major M. Preston Leonard, administrator of the Salvation Army’s Adult Rehabilitation Center, testified defendant worked on a volunteer basis helping “clients” who were in legal trouble. Defendant’s volunteer status did not authorize him to collect money on behalf of the Salvation Army. Major Leonard explained there were no costs associated with admission to the Salvation Army’s Rehabilitation Center.
Mr. Thomas Hook, who assisted in the daily functions of the rehabilitation center, also testified at trial. Mr. Hook stated that he and the defendant were close friends and he would give defendant’s referrals special consideration. He also testified the Salvation Army did not have an employment placement service.
Defendant testified at trial he is a 72-year-old retiree. Before retiring, he owned a business and also worked with a prison release program run by the State. Since retiring, he has continued to help convicts get into drug and alcohol rehabilitation and find jobs. He testified that he asked the Walkers for $200 to cover the costs he incurred in locating a job for their son, Keith. These expenses were described as “gas, my time, some writing, maybe some phone calls to California to see if he had a history of violence,” because Keith had come from California and was on probation supervision in Jefferson Parish.
Defendant testified he did secure a job for Keith Walker at the Red and White Fan and Appliance Company. This was confirmed by the testimony of Mr. Olen Conaway, the owner of that business. Defendant further testified that when Keith Walker’s probation was revoked, he offered to continue his efforts to get him into rehabilitation. He also told Mrs. Walker that, if he did not succeed, he would return the $200.
I ¿ASSIGNMENTS OF ERROR
(1) The evidence was insufficient to support the verdict, and
(2) Errors patent on the face of the record.

SUFFICIENCY OF THE EVIDENCE

The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fáct could have found the essential elements of the crime beyond a reasonable doubt.
The Louisiana Supreme Court has stated the principal criterion of a Jackson review is rationality. A reviewing court may not disregard its duty under due process of law as interpreted by Jackson v. Virginia simply because the record contains testimony which tends to support each fact necessary to constitute the crime. “If the court finds that no rational trier of fact viewing all of the evidence from a rational pro-prosecution standpoint could have found guilt beyond a reasonable doubt, the conviction cannot stand constitutionally.” State v. Mussall, 523 So.2d 1305, 1311 (La.1988).
Defendant was charged with theft under La.R.S. 14:67, which, in pertinent part, provides:
A. Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
In order to support a theft conviction, the State is required to prove beyond a reason *311 able doubt each element of the crime: (1) that there be a misappropriation or taking, (2) that the misappropriation or taking be a thing of value, (3) that the thing belong to another, and (4) that the misappropriation or |staking be with the intent to deprive the owner permanently of what is the subject of the taking. La.R.S. 14:67; State v. Pittman, 368 So.2d 708 (La.1979).
The threshold question is whether defendant’s conduct constituted a taking or misappropriation. The trial judge, in rendering his decision, stated:
Mr. Conner went to Mrs. Walker’s house, unsolicited, a stranger, represented to Mrs. Walker that he was associated with the Salvation Army, led her to believe that because of that association that he could have her son placed in an alcohol — or rather in an adult rehabilitation center rather than going to jail. He represented to her that he could get her son out of jail and keep him out of jail, and find a job for him.
These representations were false, they were done with the intention of soliciting money, Two Hundred Dollars, from Mrs. Walker.
The evidence, when viewed in the light most favorable to the prosecution, does not appear to support the judge’s conclusions. First of all, defendant’s offer of assistance was not unsolicited. Defendant contacted Mrs. Walker at the request of her son, Keith. She testified that her son told her to expect defendant’s call.
The representations defendant made to Mrs. Walker were not false, although Mrs. Walker may have misunderstood defendant’s affiliation with the Salvation Army. Mrs. Walker testified that she told defendant that her son had an alcohol problem. Defendant offered to work with Keith’s Indigent Defender Board attorney and parole officer to get Keith into the Salvation Army rehabilitation program. Defendant was also to try to find a job for Keith. Mrs. Walker testified defendant “almost guaranteed” success. Viewing this evidence as a rational body, we find Mrs. Walker was aware there was some small chance that defendant would not succeed in this endeavor.
At no time did the defendant hold himself out to be an attorney, a parole officer, or other officer of the court. The record reflects the defendant worked in the past as an unofficial liaison between the local courts and the Salvation Army to place convicts in the rehabilitation program.
| fiCounsel stipulated that Orleans Parish Criminal District Court Judge Calvin Johnson, who was unavailable to appear at trial, would have testified that the defendant had successfully worked to place several defendants from his court in the Salvation Army’s program. Major Leonard testified that the Salvation Army had taken referrals from defendant in the past.
Defendant did take positive steps to work with the court system on Keith’s behalf. Mr. Watermeier, the probation officer, testified defendant did attempt to speak with him regarding Keith’s case, but he refused because he felt it was none of defendant’s business. There was also evidence that Keith Walker’s Indigent Defender Board attorney refused defendant’s attempts at intercession.
It was undisputed at trial that defendant accepted $200 from Mrs. Walker and never returned it. It was clear from Mrs. Walker’s testimony and that of defendant that it was understood that the money was to be used for defendant’s expenses in finding Keith a job, rather than admission to the Salvation Army.
Defendant denied that he accepted. the $200 as a fee for admission to the Salvation Army. Defendant further testified that he did not accept the money as a fee for attempting to intervene in defendant’s court case. Any rational person examining the record would conclude that the defendant accepted the money to cover expenses related to the promised job search, which was fulfilled since he did locate a job for Keith Walker.
A taking or misappropriation is an essential element of theft. A rational person would not find there was a taking, nor does it appear to have been defendant’s intent to defraud Mrs. Walker. The agreement between Mrs. Walker and defendant more closely resembles a personal contract for ser *312 vices entered into by the parties in good faith. Although defendant’s inabilities to fulfill the terms of the contract may constitute a civil breach, a rational person would conclude it does not rise to the level of fraud. We find there was insufficient evidence to support the conviction under the Jackson standard.
| ^ERRORS PATENT
A review of the record in accordance with La.Code Crim.P. art. 920 reveals numerous errors; however, in light of our finding insufficient evidence to support the basic conviction, we need not address errors patent.
For the reasons assigned, the defendant’s conviction is reversed and set aside.

REVERSED AND SET ASIDE

KLIEBERT, C.J., concurs.
| iKLIEBERT, Chief Judge,
concurring.
I concur in the results reached by the majority, but not necessarily for the reasons stated in the majority opinion.