LANDRIEU, Judge.
The State charged Desmond G. Harris with theft of items valued between one hundred dollars and five hundred dollars. After he pleaded not guilty a jury found him guilty as charged. The trial judge sentenced Harris to two years at hard labor. The State then filed a multiple bill, and the trial judge found Harris to be a second offender, vacated his original sentence, and resenteneed him to two years at hard labor.[1]

STATEMENT OF THE FACTS

Shortly after 9:00 a.m. on November 3, 1995, Linda Jones went to work at the Community Service Center at 4000 Magazine Street. She put her purse in a closet behind her desk which was in the office where clients, including Harris, were sitting. Ms. Jones testified that she recognized Harris because she did the “intake” on him the day before. She further stated that the clients then went downstairs for a group session and that she stayed in the office until just before |211:00 a.m. While she and her boss were out of the office, two of her coworkers found her and asked if she had her purse with her. When she told them that she did not, they said that was what Harris had taken. Ms. *1001 Jones testified that she paid $40.00 for the purse, which was black leather, and that the purse contained some change, her home, office and car keys, a wallet worth approximately $25.00, a Visa card, her driver’s license, a checkbook and checkbook cover, and a child support check made out to her in the amount of $161.50.
Deontrenise Gibson testified that she was with Harris at the group session and that fifteen minutes before the session was over, the group director allowed some people, including Harris, to go back upstairs to get vouchers for shelter or other things they might need. Ms. Gibson, who did not go upstairs, said that as she left the session she heard a rumble from upstairs and then saw Harris run down the stairs with a black purse tucked under his left arm. Paula Kennedy also saw Harris run down the stairs, but she did not see a purse.
We have reviewed the record and find no errors patent.

ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, Harris complains that the State failed to present sufficient evidence to prove his guilt beyond a reasonable doubt, particularly the evidence that the value of the things taken from Ms. Jones was greater than one hundred dollars. He argues that the check for $161.50 in the stolen purse had no value other than to the victim because the check was made out only to her. He also argues that the cost to Ms. Jones of changing her locks and placing stop payment orders on her checks should not be included in calculating the value of the stolen items. He asks that a guilty verdict of misdemeanor theft be entered instead. This assignment of error has merit.
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trierjjof fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986). The reviewing court is to consider the record as a whole and not just the evidence most favorable to the prosecution. If rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988). Additionally, the reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. Id.
La.Rev.Stat. § 14:67 defines theft, as it applies in the present case, as the misappropriation or taking of anything of value which belongs to another, without the consent of the other to the misappropriation or the taking. The value of the thing or things taken determines the sentence to be imposed, and consequently, whether the offense is a felony or a misdemeanor. La.Rev.Stat. § 14:67(B); La.Rev.Stat. § 14:2(4).
La.Rev.Stat. § 14:2(2) provides:
“Anything of value” must be given the broadest possible construction, including any conceivable thing of the slightest value, movable or immovable, corporeal or incorporeal, public or private, and including transportation, telephone and telegraph services, or any other service available for hire. It must be construed in the broad popular sense of the phrase, not necessarily as synonymous with the traditional legal term “property.” In all cases involving shoplifting the term “value” is the actual retail price of the property at the time of the offense.
In this case, apparently the State simply used the face value of the check to charge Harris with the middle grade of the offense of theft — when the theft amounts to a value between one hundred and five hundred dollars. The jury also likely used the same amount in finding Harris guilty as charged. This was a mistake.
UWhen a check is stolen, ordinarily its value will not be its face value because the check merely represents an order to pay the stated amount to the named payee. The check, of course, is not the actual funds. Crucial to our finding is the particular facts of this case — that the check was made out only to Ms. Jones, it had not been endorsed in blank or to bearer, and Harris had not *1002 forged Ms. Jones’s signature nor cashed the cheek.
To convict a person of theft of $100.00 or more, the State must prove that the value of the thing or things misappropriated equaled or exceeded $100.00. Value in that context can only mean market or objective value at the time of the taking. Surely it cannot mean subjective, sentimental, psychic, speculative, or potential value. The same, of course, is not true for theft under $100.00. There, value is anything of value as defined by La.Rev.Stat. 14:2(2) and includes any conceivable thing of the slightest value.
Under La.Rev.Stat. 14:67(A), “[a]n intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.” Harris intended to permanently deprive Ms. Jones of the check, but it cannot be said that he intended to deprive her of $161.50. The same would be true of a credit card or savings passbook, both of which could provide the basis of theft under $100.00. However, neither the credit line nor the amount on deposit could be used to charge a higher grade of theft because each exceeded $100.00. We therefore find that the face amount of the check cannot be used to calculate the value of items stolen in this case.
Likewise, the cost to Ms. Jones of changing her locks and placing stop payment orders on her checks cannot be considered as part of the value of the items stolen from her.
The rest of the testimony elicited by the State from Ms. Jones on the value of her stolen property was insufficient to support a rational inference by the jury[5that the value of the stolen property was between one hundred and five hundred dollars. The most that Harris could have been found guilty of is misdemeanor theft, La.Rev.Stat. § 14:67 B(l).

ASSIGNMENTS OF ERROR NOS. 2, 3 AND 4

In these assignments of error, Harris complains that the trial court erred in allowing the State to introduce irrelevant evidence, namely his attitude and behavior at the group session and the costs to the victim of replacing her locks and stopping payment on her checks.[2] He argues that the testimony of Paula Kennedy and Deontrenise Gibson, who stated that he was rude and annoying and slept at the group session, was introduced solely to portray him as a bad person. He further argues that the evidence of Ms. Jones’s expenses for having her locks replaced and for stopping payment on her cheeks was irrelevant to the question of the value of the property taken.
La.Code Evid. art. 401 defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. However, even if the evidence is relevant, it can be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time. La.Code Evid. art. 403.
Ms. Jones’s testimony on the expenses she incurred in having her locks changed and stopping payment on her checks is only marginally relevant evidence. As discussed above, it is not relevant to prove an essential element of the offense. As victim impact testimony, such testimony as it relates to the emotional impact 16of the crime on the victim is of low probative value with no actual impact on the jury’s verdict. See State v. Prestridge, 399 So.2d 564 (La.1981); State v. Carr, 530 So.2d 579 (La.App. 1st Cir.), writ denied, 533 So.2d 354 (La.1988), cert. denied Carr v. Louisiana, 489 U.S. 1098, 109 S.Ct. 1573, 103 L.Ed.2d 939 (1989). Nevertheless, because we are reducing Harris’s conviction to that of a lesser offense, whether the testimony regarding the financial impact of the theft of the purse was irrelevant and could have influenced the jury’s verdict is of no moment.
Furthermore, we find that the trial court erred in allowing Ms. Kennedy and Ms. *1003 Gibson to testify about Harris’s behavior at the group counseling session. This testimony is not relevant under La.Code Evid. art. 404(A)(1), which provides that evidence of a pertinent trait of the accused’s character may be offered by him or by the prosecution to rebut the accused’s character evidence. Because Harris never put his character at issue, the State could not introduce evidence that he was rude and annoying. It is unclear what the testimony that he slept at the group session was intended to prove.
The introduction of this irrelevant testimony, however, was harmless error. In order for an error to be harmless, it must be shown beyond a reasonable doubt that the eomplained-of error did not contribute to the verdict. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The guilty verdict actually rendered in the trial must be unattributable to the error. Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). Considering the evidence of Harris’s guilt, namely that Ms. Gibson saw him fleeing the scene with a purse tucked under his arm, the brief testimony regarding his behavior and attitude did not contribute to the guilty verdict. These assignments of error are without merit.
Accordingly, finding no basis for a rational fact-finder to convict Harris of theft of items valued between one hundred and five hundred dollars, we vacate the jury verdict and the trial court’s judgment in accordance therewith, and we ^substitute a verdict finding Harris guilty of misdemeanor theft. We vacate Harris’s sentence and remand for re-sentencing under the lesser offense in conformity with this opinion.

VACATED AND REMANDED.

BYRNES, J., dissents with reasons.

. Harris was charged with burglary in a separate case and was sentenced to six years at hard labor. The sentence for the theft charge is to run consecutively to the sentence for the burglary charge,

. Although the heading in the brief refers to Assignments of Error Nos. 2 and 3 only, the body of the argument encompasses Assignment of Error No. 4 as well.