Dear Mr. Briese:
This office is in receipt of your request for an opinion of the Attorney General in regard to removal of signs on public property. You ask the following question:
 Can a citizen legally remove a political sign that does not belong to him from either a state or city right of way?
You further ask if the person could be prosecuted for theft or any other violation of state law, and, if this would extend to other signs and notices displayed to announce certain functions.
We first note that state law prohibits political campaign signs from being displayed on any publicly owned property or right of way or to any public utility pole or stanchion, R.S. 18:1470.
Additionally, R.S. 30:2544, in prohibiting littering, extends the prohibition to posting, erecting or displaying on any surface, pole or stanchion temporary signs, handbills, flyers and notices including but not limited to political campaign signs.
However, in each of these situations notice is required to be given for alleged violation of the election law or in regard to littering. Therefore, even the governing authority it not permitted to simply remove the sign unless they comply with notice under state law or adopt a more restrictive ordinance which is permissible under R.S. 30:2544(E). Accordingly, we would conclude that an individual cannot simply remove a sign that is illegally displayed in a public place.
Whether the taking down of the sign constitutes "theft" requires consideration of the essential elements of that offense. In defining theft, R.S. 14:67 provides it is the taking of anything of value which belongs to another with an intent to deprive the other permanently of that which is the subject of the misappropriation or taking. State v. Pittman, 368 So.2d 708 (La 1979) sets forth the essential elements of the offense as follows:
1) That there be a misappropriation or taking;
 2) That the misappropriation or taking be of a thing of value;
3) That the thing belongs to another; and
 4) That the misappropriation or taking be with the intent to deprive the other permanently of that which is the subject of the taking.
We find State v. Victor, 368 So.2d 711 (La. 1979) sets forth a guideline relative to the taking with the intent to deprive the other permanently. Therein the court observed that there is a misappropriation where there is exercise of wrongful dominion or unauthorized control of the property of the other without regard to whether there is physical movement. Therein the jurisprudence is cited that holds a theft occurs when the thing taken remains in the possession of the thief for only seconds. The court stated, "The factual issue of whether there is a "taking" for purposes of theft concerns whether the offender exerts control over the object adverse to or usurpatory of the owner's dominion."
In State v. Rossi, 273 So.2d 265 (La 1973) the court said that the State need only prove that the property belonged to someone other than the defendant, and proof of ownership was not essential.
In regard to proof of value we note that R.S. 14:67 designates level of offenses as taking of $500 or more, $100 but less than $500, or less that $100. Additionally, it provides if there are a number of distinct acts the aggregate value can be used. With respect to value in connection with these levels we recognize that for a charge of $100 or more State v. Harris, 690 So.2d 999
(La.App 1997) holds that this refers to market or objective value and not the subjective, sentimental, speculative or potential value. However, for theft under $100 that refers to "anything of value as defined by La.Rev.Stat 14:2(2) and includes any conceivable thing of the slightest value."
Accordingly, it appears when considering the essential elements required as proof of theft, the charge of theft may be sustained even though there is a momentary taking of something of the slightest value with the intent to deprive the owner of it permanently.
While your inquiry presents the question of what should be the proper response by the governing authority to complaints of political signs being removed by opponents from state or city right of ways, we find it pertinent to note your inquiry further presents the problem of signs being improperly placed upon public rights of ways. In this regard this office has recognized that in addition to the state statutes pertaining to signs on public property a local ordinance can be enacted which prohibits the placing of signs, markers, etc. on parish property as a legitimate exercise of their general police powers, and authorizes the removal following notice and informal opportunity to be heard. Atty. Gen. Op. Nos. 92-678, 89-511.
Accordingly, we feel while attention can be given to complaints of the signs being removed as resulting in a possible charge of theft, the further problem of the signs under state law being illegally placed on public property may demand attention.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Assistant Attorney General
 By: _____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
Date Received: Sept. 21, 1998
Date Released:
BARBARA B. RUTLEDGEAssistant Attorney General