STATE of Utah, Plaintiff and Respondent,

v.

Brian David LOGAN, Defendant and Appellant.

No. 14644.

Supreme Court of Utah.

April 28, 1977.

Brian C. Harrison, Provo, for defendant and appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, Noall T. Wootton, Utah County Atty., Provo, for plaintiff and respondent.

ELLETT, Chief Justice:

This appeal comes before this Court from a conviction of theft, a felony of the third degree, under Sections 76–6–404 and 76–6–412, U.C.A.1953 (1975 Pocket Supp.). These statutes provide that the crime is a felony of the third degree if the value of the property stolen is more than $250 but not more than $1,000.

The evidence submitted at trial established that on October 25, 1975, appellant took two watches having a retail value of $295 each from a jewelry store. The watches were pawned by two friends of appellant and the money was divided among them. Appellant testified in his own behalf and did not deny the theft but insisted that he was guilty of taking only one watch, not two, and that his companion took the second watch. On appeal, appellant claims the following errors were committed:

(1) The jury instruction that established the basis for determining the value of the stolen property to be market value rather than replacement cost was erroneous as a matter of law.

(2) The evidence was insufficient to support the jury verdict.

The error charged as to the jury instruction is important to appellant's position because evidence established the replacement cost to the jewelry store was $147.50 for each watch. Appellant claims that this, being the proper value test to be applied, reduces the value of the stolen property such that he can be convicted of no more than a misdemeanor, rather than a third-degree felony.

The challenged instruction reads as follows:

INSTRUCTION NO. 10

When the value of property alleged to have been taken by theft must be determined, the market value at the time and in the locality of the theft shall be the test. That value is the highest price, estimated in terms of money, for which the property would have sold in the open market at the time and in that locality, if the owner was desirous of selling, but under no urgent necessity of doing so, and if the buyer was desirous of buying but under no urgent necessity of so doing, and if the seller had a reasonable time within which to find a purchaser, and the buyer had knowledge of the character of the property and of the uses to which it might be put.

The only definition of value given in the criminal code of the State of Utah is

found in Section 76–6–101, U.C.A.1953 (1975 Pocket Supp.) which provides:

> (4) "Value" means: "
>
> (a) The market value of the property, *if totally destroyed,* at the time and place of the offense, or where cost of replacement exceeds the market value: . . . [Emphasis added.]

This statute appears to limit the test of value to property which is *totally destroyed* and does not apply to property which is merely stolen but later recovered. We find no other statute on this subject and, therefore, conclude that the statute is to be narrowly construed within its stated meaning and that there is no existing statute as to the value of stolen property which is not ultimately destroyed. That being the case, we must look to the common law and to existing case law to determine the proper test of value applicable herein.

In general, the common-law gradation of the offense of larceny that is based on the value of the property stolen has been retained in most jurisdictions, and in the absence of statutes providing otherwise, the measure of the value is its fair market value at the time and place where the alleged crime was committed.[1] Market value has been further clarified as being a measure of what the owner could expect to receive,[2] and the amount a willing buyer would pay to the true owner for the stolen item.[3] In *State v. Clark*[4] the court said that to determine whether the crime charged is to be petit or grand larceny, the test is the market value of the property; that is, the price a well-informed buyer would pay to a well-informed seller where neither is obliged to enter into the transaction.

■ We accept the market-value test as the appropriate test to be used in determining the value of stolen property not otherwise provided for in our statute, and the trial court correctly stated the law in its jury instruction. Had we found otherwise, appellant still could not prevail in this case for the record shows he failed to object at the time the instructions were given, and ordinarily the failure to make a timely objection prohibits him from raising the point on appeal.[5]

■ The second point of error raised by appellant that the evidence is insufficient to sustain the verdict is without merit. In making this claim, appellant relies entirely on his own testimony that he took but one watch. Whether he took one watch or two, the consequence remains the same in light of the foregoing determination that the current market value of the property is the appropriate measure to use in ascertaining the degree of the offense committed. A third-degree felony involves the taking of property with a value in excess of $250 but not more than $1,000,[6] and since the market value was established at trial to be $295 for one watch, appellant is properly convicted under that statute, notwithstanding a possible determination by the jury that he took both watches.

■ The evidence at trial consisted primarily of witness' testimony and the sufficiency thereof turns on the weight given that testimony and the credibility of all the witnesses, including the appellant. The weight of evidence and the credibility of witnesses are reserved exclusively for the jury, and this Court will not interfere unless the evidence is found to be so lacking and insubstantial that reasonable men could not possibly have reached a verdict beyond a reasonable doubt.[7] Nor will we weigh conflicting evidence, the credibility of witnesses, or the weight to be given appellant's

1. 52A C.J.S. Larceny § 60(2), p. 489.

2. *People v. Marques,* 184 Colo. 262, 520 P.2d 113 (1974).

3. *People v. Miller,* Colo.App., 549 P.2d 1092 (1976); See also *People v. Austin,* 185 Colo. 229, 523 P.2d 989 (1974).

4. 13 Wash.App. 782, 537 P.2d 820 (1975).

5. *State v. Kazda,* Utah, 545 P.2d 190 (1976).

6. 76–6–412, U.C.A.1953 (1975 Pocket Supp.).

7. *State v. Romero,* Utah, 554 P.2d 216 (1976); *State v. Laub,* 102 Utah 402, 131 P.2d 805 (1942).

testimony.[8] Further, unless there is a clear showing of lack of evidence, the jury verdict will be upheld.[9]

 In the instant case, appellant admitted in his testimony to the theft of one watch; and that, together with the testimony of the other witnesses, seems clearly sufficient to find him guilty beyond a reasonable doubt of the crime of theft. All that remained was for the jury to assess the value of the property in order to fix the degree of the crime and that was properly done according to the market-value standard of measurement given in the jury instruction.

We hold the trial court committed no error in its instruction to the jury on the determination of value, and further hold that the evidence is legally sufficient so as to enable the jury to find appellant guilty beyond a reasonable doubt.

The judgment is affirmed. No costs are awarded.

CROCKETT, MAUGHAN, WILKINS and HALL, JJ., concur.

8. *State v. Romero,* Id.

9. *State v. Mills,* Utah, 530 P.2d 1272 (1975); *State v. Canfield,* 18 Utah 2d 292, 422 P.2d 196 (1967); *State v. Romero,* supra.