**STATE of Utah, Plaintiff and Respondent,**

v.

**Salvador E. PACHECO, Defendant and Appellant.**

No. 17527.

Supreme Court of Utah.

Oct. 6, 1981.

---

3. *Fillmore City v. Reeve*, Utah, 571 P.2d 1316 (1977).

ing a Mexican, he did not know their true significance. Although defendant used an interpreter at trial, the prosecution introduced evidence to the effect he had talked to Fultz and a detective in English.

The defendant said while he was at the store looking for a job, he had turned abruptly and knocked some papers off the counter. He thought they were scratch paper and left the store with them in his hand. Later, he took them out of his pocket and noticed one of them had a "peso" sign on it and it took several minutes for him to realize they were checks because he had always been paid in cash until about two years earlier when he had first come to the United States. He said he had decided to return the checks or throw them away because they had no value to him, and that he had not intended to take them in the first place.

The defendant called a bank employee who testified that the checks were worthless and had no "market value" unless endorsed, and urged as his main thrust on appeal that defendant's motion to reduce the charge should have been granted.

As a complement to such contention of error, defendant further claimed that (a) an instruction should have been given as to *his* "theory of the case," and that (b) two instructions that were given were erroneous. Added to such claims of error, defendant asserted prejudice in the prosecution summation in referring to notes taken at the trial.

■ None of the errors is well taken since the face value of the checks, whether endorsed or not, is prima facie evidence of the value that determines the degree and penalty relevant in a theft case.

In our recent case of *State v. Logan,* Utah, 563 P.2d 811 (1978), we unanimously held that the value that determines the degree of a theft offense is "market value," or what a "willing seller and willing buyer" consider the price on the market to be. The defendant bases *his* test of value here on a

Ginger L. Fletcher, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Curtis J. Drake, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals his jury conviction of the offense of theft.[1] The facts as presented at trial are as follows:

One Fultz, president of a tire store, left two checks received for merchandise, under the handle of a cash box in his inner offices. The amounts of the checks aggregated a face value of $405.76. Later in the day, Fultz found the defendant standing near the inner office. Defendant asked about a job and was told none was available. After the defendant left, Fultz discovered that the two checks were missing. When defendant was found shortly thereafter, he had the checks in his possession, and explained such possession by stating that, be-

1. In violation of U.C.A., 1953, 76–6–404.

claim that a witness testified that an unendorsed check is worthless.

In a case decided a few years prior to *Logan*, the Colorado Supreme Court decided a case like this one and had the following to say on the subject:

The prima facie value of a check is its *face value*. This rule comports with the general rule that value in a theft case is market value...Where a check is the thing to be valued, the willing buyer is normally the drawer bank [who] will pay the face amount of the instrument, or the drawer will make good the instrument... The value of the thing lost is not limited to what the thief could realize on the instrument.[2]

█ We subscribe to such decision and its reasoning. Defendant's claim that the trial court erred in refusing an instruction as to his "theory of the case," clearly is without merit since it was based on his other contention that the checks were worthless. His claim that the instructions given were

in error, likewise is without merit for two reasons: first, defendant misconceived the definition of "value" in theft cases; and second, defendant failed to object to the instructions at trial and thus did not preserve the issue for appeal.

█ The error claimed as to the prosecutor's argument fashioned from notes taken during trial being an indirect introduction of unsworn evidence has no substance, since it is well within the rather wide latitude of a prosecutor's prerogative to give his version of the evidence, whether by memory or by refreshing it by notes taken during the trial.

Affirmed.

---

**2.** *People v. Marques*, 184 Colo. 262, 520 P.2d 113 (1974).