520 So.2d 1020 (1987)
STATE of Louisiana
v.
Michael Lee FINLEY.
No. CR86-751.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1987.
Writ Denied May 13, 1988.
*1021 Robert Felton Monahan, Vinet & Monahan, Baton Rouge, Dan B. McKay, Jr., Bunkie, for defendant-appellant.
J. Edward Knoll, Dist. Atty., Marksville, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and LABORDE, JJ.
DOMENGEAUX, Judge.
On June 27, 1985, defendant, Michael Lee Finley, was charged by bill of information with theft, a violation of La.R.S. 14:67. Defendant waived his right to a jury trial and was found guilty of theft of property having a value over $500.00. Subsequently, defendant was adjudicated an habitual offender under La.R.S. 15:529.1 and sentenced to eighteen years at hard labor. Defendant appeals his sentence based upon three assignments of error.

FACTS
Mr. and Mrs. Sam Cashio own the Stepco Furniture Company, a Radio Shack and a Western Auto Store, three retail businesses combined under one roof in Simmesport, Louisiana. The auto store is located to the left of the center aisle, the furniture store is to the right, and the Radio Shack department is in the rear of the store. An office area is also located near the rear of the store, to the left of the Radio Shack department.
Around noon, on December 21, 1984, Mrs. Cashio was working alone in the store. She had just completed a bank deposit totalling $4,200.00 in cash and checks and had placed the deposit in her purse, then laid it on a chair in the office. Shortly thereafter, Mrs. Cashio assisted a customer who had just entered the store. Mrs. Cashio accompanied this customer the entire time and they never neared the office area. This customer stayed only three minutes.
No other customers entered the store until defendant, Michael Lee Finley and another man entered together around 12:15 p.m. Mrs. Cashio approached the two men and asked if she could be of assistance. Defendant responded yes and asked for an electrical terminal. Mrs. Cashio noticed that the other man remained near the front of the store and clearly appeared to be waiting for the defendant. The search for *1022 an electrical terminal took Mrs. Cashio and the defendant to the rear of the store, into the Radio Shack area. Although defendant told Mrs. Cashio that the terminal she stocked was not what he wanted, he subsequently purchased a 99¢ terminal found in the Radio Shack area. While Mrs. Cashio waited on defendant, her back was to the office area. Defendant never went towards the office or left the sight of Mrs. Cashio. After making the purchase, defendant left the store alone. Mrs. Cashio never noticed when the other man who had entered with defendant left the store. Approximately fifteen minutes after defendant left, Mrs. Cashio noticed that her purse was missing. No other customers had entered the store from the time defendant left to when Mrs. Cashio noticed her purse was missing. Mrs. Cashio could not identify the man who accompanied defendant, but she positively identified the defendant as the man who had purchased the 99¢ terminal.
Defendant was convicted by the trial judge of theft of a value of $500.00 or more and, after being adjudicated an habitual offender, was sentenced to eighteen years at hard labor. Defendant appeals his conviction based on three assignments of error.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
Defendant contends that the trial court erred in convicting defendant because there was insufficient evidence presented proving defendant was a principal in the crime. Defendant also argues that circumstantial evidence presented by the State failed to exclude every reasonable hypothesis of innocence.
The State's only evidence came from Mrs. Cashio and all of the evidence implicating defendant was circumstantial. The implicating evidence showed that defendant entered the store accompanied by another person and defendant asked Mrs. Cashio for an item which required him to be taken to the back of the store, away from the area of the office. The other person appeared to be waiting for the defendant and stayed near the storefront. The purse was stolen during a time period in which only two sets of customers had entered the store. The earlier customer stayed with Mrs. Cashio the entire time and never neared the office area. Hence, it was impossible for this first customer to have taken the purse. Defendant and his associate were the only other customers. Defendant's request required Mrs. Cashio to search an area away from the office area, thus giving defendant's associate an opportunity to take the purse unnoticed.
The State presented evidence of all elements of the charged crime. Namely, they showed there was a misappropriation or taking of a purse containing $4,200.00 belonging to Mrs. Cashio and it was done with the intent to deprive Mrs. Cashio permanently of the purse.
Although it appears clear that the State presented sufficient evidence that a theft occurred, defendant argues there was insufficient evidence introduced showing defendant was a principal in the crime or that all reasonable hypotheses of innocence were excluded.
La.R.S. 14:24 defines principal as:
All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.
The evidence linking defendant to the other person was Mrs. Cashio's testimony that defendant entered the store with another person, this other person was not interested in making a purchase and he appeared to be waiting for defendant. The trial judge stated that he felt Mrs. Cashio was a very credible witness and he strongly believed her testimony.
The standard for appellate review in determining the sufficiency of the evidence is, whether after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond *1023 a reasonable doubt.[1]Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Edwards, 400 So.2d 1370 (La.1981). When reviewing a conviction based on circumstantial evidence, it must be determined when viewing the evidence in the light most favorable to the prosecution, that a rational trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence has been excluded. State v. Austin, 399 So.2d 158 (La.1981).
After viewing the evidence in a light most favorable to the prosecution, we find that a rational trier of fact could have concluded, based on the evidence presented, that defendant was acting in concert with this other person in an effort to create a diversion so that the theft of the purse would go unnoticed. Defendant entered the store with this other person, and the two split up while defendant diverted Mrs. Cashio's attention through a subterfuge of buying a 99¢ terminal that he had just admitted was not what he was looking for. The other party never inquired into making a purchase, and left while Mrs. Cashio was out of sight. It is unreasonable to conclude that the two people who came in together, and who obviously appeared to Mrs. Cashio to be together, were unrelated. In his reasons for judgment the trial court stated:
"The case is circumstantial; there is no question about that. Mrs. Cashio's testimony was very clear. There's no hesitancy in what she said; and the things that she said were not departed from, even on cross examination. Counsel said, there's no proof of a theft. Certainly, there's no proof of a theft, unless you believe the testimony of Mrs. Cashio. That was theThat a theft occurred, has to depend upon her testimony. And, the court finds, clearly, that proof of a theft beyond a reasonable doubt by her testimony. I certainly don't think that she came up here and made up such a story. The court believes that Finley was in the store and entered the store. He came in with someone else. I believe that they entered the store with ulterior motives. The fact that an item was purchased that was not even asked for and not even sought, is significant. And, these are people who live sixty miles away, who were buying a 99¢ electrical terminal, a bit unusual, stranger. The fact that he was a stranger was significant to Mrs. Cashio, and had something to do with her being so positive on her identifications. The fact that the other man left the store before the accused left, admittedI admit there was no positive proof that they had come in together. And, Mrs. Cashio readily admitted that she did not see them speaking to each other. She had been trying to be more helpful to the State, so to speak. She could have said, yes, they were very chummy when they walked in. But she didn't; she admitted that she didn't see them speaking to each other. But I think the evidence is overwhelming that they did come in together; and the fact that one left before the other, I think, is very significant. To me, it's. Each person evaluates facts the way they see it. The most important thing, however, in my mind, is that there was practically no opportunity for anyone else to have committed this. Her clerk, of course, that's a possibility. The other customer was eliminated, really, as a possibility. Her husband, that wouldn't make any sense. The court believes that the accused entered that store, with someone, call him a confederate. That's what the case isthe way the case is referred in these type of situations, for the purpose of committing a theft; and that there wasthat the little procedure they went through was planned, and that the plan succeeded. This court is convinced beyond a reasonable doubt that Mr. Finley was the principal.

*1024 He did not actually do the last part of the crime; but that is not necessary under the law, one who participates with another in the perpetration of a crime, is just as guilty as the actual perpetrator, under our law of principals. The court finds that guilt was proven beyond a reasonable doubt and the verdict of the court is that he is guilty; ..." (Tr. pp. 210-211).
For the foregoing reasons, we find that the State presented sufficient evidence that the crime of theft occurred and that defendant was a principal in the crime.
These assignments have no merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends that he was denied his right to a jury trial through a manifestly erroneous denial of a motion to sever and by unfair prosecutorial tactics. Defendant was charged jointly with William Morris, the man who allegedly accompanied defendant into the store. A motion for severance of the trials was denied by the trial judge. At that point, defendant waived trial by jury in order to prevent being tried along with Morris.
Defendant argues that he had to avoid the undue prejudice that would have resulted from being tried with co-defendant Morris and that waiving his right to a jury trial was the only available remaining option after he had been denied his motion for severance.
La.C.Cr.P. art. 704 provides:
Jointly indicted defendants shall be tried jointly unless:
(1) the State elects to try them separately; or
(2) the court, on motion of the defendant, and after contradictory hearing with the district attorney, is satisfied that justice requires a severance.
A co-defendant seeking a severance must present convincing evidence to the trial judge of actual antagonism. State v. Jenkins, 340 So.2d 157 (La.1976). A determination as to whether to grant or deny a severance rests in the sound discretion of the trial court and a decision thereon will not be reversed on appeal in absence of a clear showing of abuse. State v. Prudholm, 446 So.2d 729 (La.1984).
At the hearing on the original motion to sever, defendant argued that a severance was needed because "In a situation in which the evidence is so drastically different against two defendants, then they shouldn't all be lumped together, because the jury would have a tendency to convict a co-defendant, because there is a lot of evidence against one of the co-defendants in the case." (Tr. p. 91). In this instance, more evidence implicated the defendant than the co-defendant Morris. Hence co-defendant Morris was the only defendant potentially prejudiced by the joint trial. Hence, defendant showed no prejudice to himself to warrant a severance. No abuse of the trial judge's ruling initially denying the severance was shown.
La.C.Cr.P. art. 780(A) provides:
"A defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge."
The minutes reflect that after questioning the defendant, the trial judge granted the motion to waive trial by jury. Defendant attacks the waiver solely on the grounds that the prosecution unfairly forced defendant to make the strategic choice of waiving his jury trial.
The trial court properly found that justice did not require the severance of the two defendants. Therefore, defendant was to be tried jointly with William Morris or he could sever himself from William Morris by waiving trial by jury. In State v. Kahey, 436 So.2d 475 (La.1983), the court ruled that no reversible error occurred when the trial court accepted a waiver of jury trial where the court record clearly indicated that the decision to proceed with trial by judge was a deliberate trial strategy of the defendant and his counsel. In this case, since defendant's earlier motion to sever was properly denied, defendant's subsequent waiver was a voluntary strategic move which was properly accepted by the trial court.
This assignment lacks merit.

*1025 ASSIGNMENT OF ERROR NO. 4
Defendant asserts by this assignment that the sentence was excessive.[2] Defendant failed to perfect this assignment of error and first raised this error in brief to this court. It therefore cannot be considered on appeal. See State v. Spears, 350 So.2d 603 (La.1977); State v. Melbert, 438 So.2d 1292 (La.App. 3rd Cir.1983).
For the foregoing reasons, defendant's conviction and sentence are affirmed.[3]
AFFIRMED.
GUIDRY, J., dissents and assigns written reasons.
GUIDRY, Judge, dissenting.
The facts of this case are accurately set forth in the majority opinion. I am unable to agree that, under the Jackson standard, the evidence presented by the State is such that a rational trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence has been excluded. The record reflects that the defendant did not take Mrs. Cashio's purse and, in fact, was never in the vicinity of the store office nor did he leave the sight of Mrs. Cashio while he was in the store. Although I accept Mrs. Cashio's testimony that the defendant and some other person came into the store at the same time, Jackson does not require that her assumption or opinion that the two individuals came in together as confederates be accepted. Mrs. Cashio candidly admitted that no words were spoken between the two men. It is not unusual for two people to enter a store at the same time. The State presented no evidence to show that the defendant knew the other man or that the two men were acting in concert except for the testimony of Mrs. Cashio that the men walked in the store at the same time. Further, the State did not present evidence to indicate that the defendant ever came into possession of Mrs. Cashio's purse or the money contained therein. In my opinion, the most obvious hypothesis of innocence is that the two men simply arrived together with no design on the part of the defendant to facilitate the theft of the purse. For these reasons, I respectfully dissent.
NOTES
[1] Although reviewing courts are obligated to follow the Jackson standard as mandated by the Louisiana Supreme Court, the author of this opinion has expressed opposition to this standard because it relegates the reviewing power of the appellate courts to nothing more than "second guessing" the triers of fact. See my concurring and dissenting opinions in State v. Gatson, 434 So.2d 1315 (La.App. 3rd Cir.1983); State v. Anderson, 440 So.2d 205 (La.App. 3rd Cir.1983); and State v. Bryan, 454 So.2d 1297 (La.App. 3rd Cir.1984), writ denied, 458 So.2d 128 (La.1984).
[2] The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See, State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir. 1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983); State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.
[3] Defendant filed a motion to strike from the record specific pre-trial exhibits, evidence, transcripts and notifications that were not introduced at trial or that were specifically excluded by the trial judge. Under La.C.Cr.P. art. 920 only designated assignments of error and errors patent on the face of the record are considered on appeal. Defendant has not assigned as error any aspect of these enumerated items. Hence, as no error has been assigned, this Court did not consider such items in reaching its decision.