708 So.2d 387 (1998)
STATE of Louisiana
v.
Desmond G. HARRIS.
No. 97-K-0778.
Supreme Court of Louisiana.
March 4, 1998.
Dissenting Opinion March 6, 1998.
Richard P. Ieyoub, Attorney General, Harry F. Connick, District Attorney, Susan E. Talbot, for Applicant.
Archie B. Creech, New Orleans, for Respondent.
Dissenting Opinion of Justice Lemmon, March 6, 1998.
KIMBALL, Justice.[*]
We granted writs in this case to address the question of how to value a stolen check for purposes of grading the offense under La. R.S. 14:67(B). For the reasons that follow, we find the value of a stolen check for purposes of La. R.S. 14:67(B) is its face value and reinstate the trial court's judgment and sentence.

FACTS AND PROCEDURAL HISTORY
Linda Jones, a staff assistant at the Community Service Center, arrived at work *388 shortly before 9 o'clock on the morning of November 3, 1995. When she got to her office, several clients, including defendant, were waiting. Ms. Jones placed her purse in the closet behind her desk. Defendant, Desmond Harris, was sitting about six or seven feet from the closet at the time. Ms. Jones recognized defendant because she had performed an "intake" on him the previous day. The clients then proceeded downstairs to attend a group session. Ms. Jones remained in her office until shortly before 11 o'clock when she left the Center with her boss. While Ms. Jones was out of the office, two of her co-workers approached her and asked if she had her purse with her. When she replied she did not, they told her they thought defendant had taken it. Ms. Jones returned to her office and discovered her purse was gone. Defendant, Desmond Harris, was subsequently arrested and charged with theft of property valued at $100 or more, but less than $500, a violation of La. R.S. 14:67(B). Defendant entered a plea of not guilty.
At trial, Ms. Jones testified she paid $40.00 for the black leather purse which contained some change, a Visa credit card, her driver's license, an ATM card, a checkbook and checkbook cover, a wallet worth approximately $25.00, her home, office and car keys, and a state child support check made out to her in the amount of $161.50. Ms. Deontrenise Gibson testified she was with defendant at the group session when the group director allowed defendant and other clients to go upstairs to see their case workers to obtain vouchers for shelter or other things they might need. Although Ms. Gibson did not go upstairs, she testified she heard a rumble upstairs and then saw defendant running down the stairs with a black purse tucked under his left arm. Ms. Paula Kennedy also testified she saw defendant running down the stairs, but did not notice anything under his arms or in his hands.
After a jury trial, defendant was found guilty as charged. The trial court found defendant to be a second felony offender and sentenced him to two years at hard labor. The court of appeal, with Judge Byrnes dissenting, found no basis for a rational fact-finder to convict defendant of theft of items valued between $100 and $500 and substituted a verdict finding defendant guilty of misdemeanor theft.[1] The appellate court believed the jury was mistaken in using the face value of the stolen check to find defendant guilty of the middle grade of theft.
This court granted the State's writ application[2] to address the res nova question of how to value a stolen check for purposes of grading the seriousness of the offense under Louisiana's general theft statute, La. R.S. 14:67.

DISCUSSION
In reviewing the sufficiency of the evidence to support a conviction, an appellate court is governed by the standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under this standard, the appellate court must determine the direct and circumstantial evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all the elements of the crime had been proven beyond a reasonable doubt. State v. Meyers, 620 So.2d 1160, 1162 (La.1993).
Louisiana R.S. 14:67, which defines theft, provides in pertinent part:
A. Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
. . . . .
B.(2) When the misappropriation or taking amounts to a value of one hundred dollars or more, but less than a value of five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined *389 not more than two thousand dollars, or both.
(3) When the misappropriation or taking amounts to less than a value of one hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both.
The critical issue in this case is whether the State presented evidence sufficient to convince a rational jury that defendant committed theft of property valued at $100 or more, but less than $500. The State contends the unendorsed check made out to the victim was worth its face value of $161.50 when defendant stole it, arguing the relevant inquiry is the actual value of the stolen item to the victim, not its value to defendant. Defendant urges this court to adopt the view that the check payable to the victim was of absolutely no value to anyone other than the victim. Defendant submits the value of the check should be based on the value of the piece of paper the check is printed on rather than the value of the check as a negotiable instrument.
Although the question of how to value a stolen check for purposes of grading the seriousness of the theft offense has not yet been directly addressed by any Louisiana court,[3] or the legislature, several other jurisdictions have considered the issue. With only minor variations in the tests used, these other jurisdictions uniformly hold the value of a stolen check, in the absence of an applicable statute, is the amount for which it is drawn. Their reasoning is based on the fact that the face value is what the victim was entitled to receive upon proper negotiation and presentation immediately prior to the theft. For example, in Gallegos v. State, 113 N.M. 339, 825 P.2d 1249 (1992), defendant stole a cash box containing $900 in cash and $3,200 in unendorsed checks. In affirming defendant's conviction for theft of property between $2,500 and $20,000, the court stated:
The generally followed rule in jurisdictions that have decided this issue is that the value of a check, in the absence of proof to show a lesser value, is measured by what the owner of the check could expect to receive for the check at the time of the theft, i.e., the check's face value.
Id. at 1250 (citations omitted).
In State v. Long, 2 Neb.App. 847, 516 N.W.2d 273 (1994), the court held the value of stolen checks was their face value where the evidence shows the checks had been received in commerce. In adopting the majority rule, the court stated:
After thoroughly reviewing the literature in this area, we agree with the majority view from other jurisdictions that in a theft case, in the absence of a specific statutory directive determining value, the face amount of a stolen check which has been accepted in commerce is the value of the property stolen. The courts in these cases reason that the instruments were valued by their rightful owners in the face amount of the checks, thus establishing value.
Id. at 276 (citations omitted).
For other cases holding the value of a stolen check for purposes of grading the theft offense is its face value, see United States v. Kucik, 844 F.2d 493 (7th Cir.1988) (the prima facie value of the check is its face amount); People v. Marques, 184 Colo. 262, 520 P.2d 113 (1974) (en banc) (the prima facie value of a check is its face value); Bigbee v. *390 State, 173 Ind.App. 462, 364 N.E.2d 149 (2d Dist.1977) (the face value of a negotiable bearer instrument is the value of the instrument for purposes of grading the theft); State v. Evans, 669 S.W.2d 708 (Tenn.Crim. App.1984) (the face amount of the check represents its true value in the absence of any proof to show a lesser value because the victim was entitled to receive the face amount); State v. Pacheco, 636 P.2d 489 (Utah 1981) (per curiam) (the face value of the checks, whether endorsed or not, is prima facie evidence of the value that determines the degree and penalty relevant in a theft case); State v. McClellan, 82 Vt. 361, 73 A. 993 (1909) (the value of a stolen check is its face amount because that is the amount it was worth to the victim); and State v. Lee, 128 Wash.2d 151, 904 P.2d 1143 (1995) (en banc) (the key in determining the value of a deprivation is the loss to the victim rather than the benefit to the offender).[4]See also 52A C.J.S. Larceny § 60(2)(b) ("In a prosecution for the theft of evidences of debt, such as bonds, promissory notes, bills of exchange, checks, or public securities, the value of the instrument is measured according to the standard set up in the statute.... In the absence of statute, ... [t]he value of a check is usually held to be the amount for which it is drawn, but, if the check is worth less than that amount, its actual or market value seems to be the determinative factor."); 50 Am.Jur.2d Larceny § 50 (1995) ("In a prosecution for theft of a check, the face amount of the instrument is presumptive evidence of its value. For the purpose of valuing stolen checks, a restrictive [e]ndorsement thereon is irrelevant."); 2 Wayne R. LaFave and Austin W. Scott, Jr., Substantive Criminal Law, § 8.4 (1986) (noting that in the case of property of intrinsically small value which represents a contract or property right of much greater value, such as a check, it is that greater value which is important in theft cases); and Rollin M. Perkins and Ronald N. Boyce, Criminal Law, p. 338 (3d ed. 1982) ("[A] negotiable instrument is taken at its face value so far as the law of larceny is concerned, even if it is a check on which payment has been stopped.").
We hold the value of a stolen check for purposes of grading the offense under La. R.S. 14:67(B) is its face value, regardless of whether it has been endorsed by the victim. In reaching this conclusion, we are persuaded by the reasoning employed in the decisions rendered by the majority of the courts as discussed above. The face amount of the check is what the victim was entitled to receive immediately prior to the theft and is the amount the victim therefore lost. This holding is consistent with La. R.S. 14:2 which broadly defines "anything of value" as:
(2) "Anything of value" must be given the broadest possible construction, including any conceivable thing of the slightest value, movable or immovable, corporeal or incorporeal, public or private, and including transportation, telephone and telegraph services, or any other service available for hire. It must be construed in the broad popular sense of the phrase, not necessarily as synonymous with the traditional legal term "property." In all cases involving shoplifting the term "value" is the actual retail price of the property at the time of the offense.
In the instant case, we find the evidence presented at trial was sufficient for a rational trier of fact to find defendant guilty of theft of property valued at $100 or more, but less than $500 in violation of La. R.S. 14:67 as the stolen check had a value of $161.50.[5] Therefore, *391 we reverse the court of appeal's judgment and reinstate the trial court's judgment and sentence in accordance therewith.

DECREE
For the reasons set forth above, the judgment of the court of appeal is reversed and the judgment and sentence of the trial court are reinstated.
REVERSED. TRIAL COURT JUDGMENT AND SENTENCE REINSTATED.
LEMMON, J., dissents and assigns reasons.
JOHNSON, J., dissents and will assign reasons.
LEMMON, Justice, dissenting.
A holding that the value of a stolen check, for purposes of determining the grade of the crime of theft, may be satisfied by proof of the face amount of the check or even by proof of the value to the victim is an oversimplification that does not satisfy the requirement of proof beyond a reasonable doubt. While I agree that the inquiry should focus on the value to the victim, that value must be the actual value on the date of the crime.
The prosecutor must prove every element of the crime beyond a reasonable doubt. La. Const. art. I, § 16; La. Code Crim. Proc. art. 804. To prove that the actual value of a stolen check exceeded $100, the prosecutor must offer more than the face amount of the check. In the absence of a statute specifying that the value of a check for purposes of the theft statute is its face value, the prosecutor should be required to present evidence that the victim, at the time of the theft, could have obtained the face amount of the check on presentation at the drawee bank. If the account was closed, then the check had no value, even to the victim. The prosecutor's simply offering the check in evidence to the court does not establish the actual value of the check at the time of the theft. The evidence in this case, therefore, was insufficient to support a conviction for theft in excess of $100.
NOTES
[*] Calogero, C.J., not on panel. See Rule IV, Part 2, Section 3.
[1] State v. Harris, 96-0951 (La.App. 4 Cir. 3/5/97), 690 So.2d 999.
[2] State v. Harris, 97-0778 (La. 10/3/97), 701 So.2d 181.
[3] Two Louisiana appellate courts were presented with cases in which the defendant stole checks, but the issue of valuation of these stolen checks for purposes of grading the offense was not addressed. In State v. Lay, 93-1063 (La.App. 1 Cir. 5/20/94), 637 So.2d 801, defendant attempted to cash a $205 check payable to Terrell. Because the store clerk knew defendant was named Lay and not Terrell, she refused to cash the check. After a jury trial, defendant was found guilty of possession of a stolen thing valued between $100 and $500. On appeal, defendant did not dispute the value of the check was its face value. The appellate court found a rational trier of fact could have concluded the State proved beyond a reasonable doubt that defendant was guilty of illegal possession of a stolen thing valued between $100 and $500. In State v. Finley, 520 So.2d 1020 (La.App. 3 Cir.1987), defendant participated in the theft of victim's purse which contained cash and checks totaling $4,200. Defendant was found guilty of theft of property having a value over $500. Without discussing how much of the $4,200 was in cash and how much was in checks, the court of appeal determined the State presented evidence of all elements of theft of property having a value in excess of $500.
[4] Texas has adopted what has been characterized as the "minority view." See State v. Long, 2 Neb.App. 847, 516 N.W.2d 273 (1994). In Davila v. State, 956 S.W.2d 587 (Tex.App.1997), the Texas court explained that proof of theft of the face value of a check requires a showing that the drawer of the check had sufficient funds to cover the check at the time the thief came into possession of the check. Thus, even in the state which uses the so-called minority rule, the face value of a stolen check is its value for purposes of grading the offense as long as there is evidence the maker had sufficient funds in his account to pay the check at the time of the theft. We prefer the majority rule, however, because it seems nonsensical to mete out punishment for the exact same conduct based on a factor totally extraneous to defendant's behavior.
[5] Because we find the value of the check for purposes of La. R.S. 14:67(B) is its face value of $161.50, and this finding is sufficient to uphold defendant's conviction of theft of property valued at $100 or more, but less than $500, we need not address the issues of the valuation of the stolen Visa and ATM cards or whether the costs the victim incurred in replacing locks and stopping payment on stolen checks can be included in the value of items stolen.