| BYRNES, Judge.
Penny Thomas appeals her conviction and sentence as a second felony offender. We affirm.
On February 1, 1996, Penny Thomas, was charged with theft of over five hundred dollars in violation of La. R.S. 14:67. After a preliminary and suppression hearing on June 10, 1997, the trial court found probable cause and denied Ms. Thomas’ motion to suppress her statement. Ms. Thomas was found guilty as charged after a jury trial on ■ June 1, 1998. The State subsequently filed a multiple bill of information alleging that Ms. Thomas was a second felony offender. On October 1, 1998, the trial court sentenced Ms. Thomas *980 to serve five years at hard labor. On the same date, after a multiple bill hearing, Ms. Thomas was adjudicated a second felony offender. Ms. Thomas previously had been convicted of theft in violation of 18 U.S.C. § 2113 in the United States District Court, Eastern District of Louisiana on February 20, 1992.[1] The trial court vacated the original sentence and | ¿resentenced Ms. Thomas under the multiple bill to serve five years at hard labor. The trial court denied defendant’s motion to reconsider sentence, and Ms. Thomas’s appeal followed.
As Ms. Thomas seeks review only of her multiple bill conviction, the transcript of the trial on the present offense was not included in the record. According to Ms. Thomas’s appellate brief, she was an employee in the finance department of Loyola University, New Orleans, Louisiana. She was alleged to have caused checks to be issued in her name for approximately $39,-000.00.
A review of the record for errors patent reveals none.
On appeal, Ms. Thomas contends the trial court erroneously determined that she was a second felony offender. Ms. Thomas argues that her prior conviction for theft should be considered as a misdemeanor under Louisiana law. In February of 1992, Ms. Thomas was convicted of theft of $684.47 in violation of 18 U.S.C. § 2113.
The multiple offender statute, La. R.S. 15:529.1 provides for the enhancement of sentences imposed upon persons with prior convictions. The statute includes persons who have been “convicted under the laws of any other state or the United States, or any foreign government of a crime which, if committed in this state would be a felony.” La. R.S. 15:529.1(A). Louisiana law and not the law of the foreign jurisdiction determines the seriousness of the defendant’s prior felony convictions. State v. Carouthers, |3618 So.2d 880 (La.1993); State v. Wright, 598 So.2d 493 (La.App. 2 Cir.1992).
Under Louisiana law, theft of over one hundred dollars is a felony. Theft under one hundred dollars is a misdemeanor. See La. R.S. 14:2 and La. R.S. 14:67. In State v. Harris, 97-0778 (La.3/4/98), 708 So.2d 387, the Louisiana Supreme Court stated: “We hold the value of a stolen check for purposes of grading the offense under La. R.S. 14:67(B) is its face value, regardless of whether it has been endorsed by the victim.” Id. at 390.
In the present case Ms. Thomas contends that her prior conviction should be considered a misdemeanor as the actual value of the checks taken was zero. In the prior conviction, Ms. Thomas took several *981 non-sufficient fund checks and account closed checks with a total face value of $684.47. Defendant argues that the checks actually had no value, as they were no longer negotiable. The checks had been marked either “NSF” or “account closed.” The defendant’s brief states:
... In the course of employment (at First National Bank of Commerce) defendant regularly handled non-sufficient fund (NSF) checks and account closed checks, also known as return items. Allegedly on at least one occasion she handled NSF checks drawn on her own account and confiscated such checks rather than process them according to procedure. In addition to removing her own NSF checks she also allegedly removed NSF and “account closed” checks drawn on other accounts at the same bank. The aggregate face amount that all of such checks were originally made out for is $684.47; however, all of these checks were either account closed checks of NSF checks....
In this prior federal conviction, the victim was the bank that lost the value of the face amount of the checks because the defendant/employee |4removed the NSF checks and did not process them according to procedure. She withheld the checks so that no deduction was made on her account or the other accounts for the face amount of the checks. Therefore the checks had the value of $684.47 because the bank was deprived of that amount. The jury in federal court found Ms. Thomas guilty as charged of theft in the amount of $684.47.
The value of the checks stolen by Ms. Thomas was over five hundred dollars. Under Louisiana law, a theft of over one hundred dollars is a felony. The trial court correctly adjudicated Ms.Thomas to be a second felony offender.
Accordingly, Ms. Thomas’ conviction and sentence are affirmed.

CONVICTION AND SENTENCE AFFIRMED.

LANDRIEU, J., CONCURS WITH REASONS

. A discrepancy exists as to whether Ms. Thomas entered a plea of guilty or was found guilty by a jury in the federal case. The documents in the record and attached to Ms. Thomas’ brief show that a jury found her guilty of Count 2 of the indictment in Case No. 91-177, Sec. "K”. The verdict form was signed by the foreperson on December 3, 1991.
However, in another federal document form signed by the federal judge on February 24, 1992 a notation of "XX” is set out in the space as follows: "PLEA: XX GUILTY.” Also, "XX” is placed where the form states: "There being a finding of XX GUILTY.” The following is typed in: "Defendant has been convicted as charged of the offense(s) of TITLE 18 U.S.C. 1344 and 2113 [Emphasis added.]” On March 9, 1992, the minute entry shows that the Judgment and Probation/Commitment Order filed February 24, 1992, was corrected to read: "Defendant has been convicted as charged of the offense(s) of Title 18 U.S. 2113 [Emphasis added].” The charges under 18 U.S. 1344 were omitted. Further, in the federal form entitled “STATEMENT OF REASONS FOR IMPOSING SENTENCE” (dated February 24, 1992 and signed by the federal judge), "XX” is placed in several spaces concerning the sentencing guidelines and reasons for imposing sentence under Sections I, II, and III. However, under Section IV, entitled "PLEA BARGAINS,” no "XX” appears in the space provided.
Ms. Thomas was convicted of Count 2 as charged. Ms. Thomas does not contest that the federal indictment charged her under Count 2 with theft of $684.47 in violation of 18 U.S.C. § 2113(b).