PITMAN, J.
Defendant John Lee Webster was charged with and convicted of illegal possession of stolen things over $1,500, in violation of La. R.S. 14:69(B)(1),[1] and sentenced to ten years' imprisonment at hard labor. He now appeals his conviction and sentence. For the following reasons, his conviction and sentence are vacated; a conviction of illegal possession of stolen property valued at under $500, in violation of La. R.S. 14:69(B)(3), is entered; and the matter is remanded for resentencing.
FACTS
On October 26, 2015, Defendant was charged by bill of information with illegal possession of stolen things over $1,500, in violation of La. R.S. 14:69(B)(1). A trial was held February 6 and 7, 2017. The following facts were gleaned from the testimony of the state's witnesses.
John Russell Cox, formerly a detective with the Bossier City Police Department, *781 testified that in August 2015, he was called to investigate an incident at Bobby Brannon Heating & Air ("BBH & A"). Bobby Brannon, the owner of BBH & A, complained that some blank payroll checks had been stolen from his office. Some of the stolen checks were later cashed at various places in Bossier City, Louisiana, including several Thrifty Liquor stores.
In August 2015, Det. Cox received a report that a man was at a Thrifty Liquor store in Bossier City trying to cash a payroll check, No. 28351, from BBH & A, made out to "Dustin Hall," in the amount of $1,223. He arrived at the store, recognized the check as stolen and arrested the suspect, Justin Hall. Hall told Det. Cox that he had obtained the check from Jennifer Pawlik. Subsequently, Jennifer Pawlik was apprehended. He learned from Pawlik that she had obtained the check from Defendant, who was to receive $500 from the cash proceeds of the check. The check was admitted into evidence.
At Det. Cox's request, Pawlik texted Defendant to meet her in a parking lot where Det. Cox and Pawlik, along with several other officers, waited for his arrival. Defendant arrived as scheduled, driving an old Buick, and was immediately taken into custody. The Buick was impounded and searched.
Inside the vehicle, officers found nine of the missing payroll checks and one check stub. Six of the checks were blank and were found on the rear floorboard of the car. One of the checks found in the center console of the vehicle, Check No. 28372, was written to payee "Quinton Stewart," in the amount of $380, with the payor's alleged signature, Robert S. Brannon. The back of the check was indorsed with the signature of Quinton Stewart. Check No. 28373 was written out only to "Ouin" with no amount or signature of the payor. Check No. 28374 was written to payee "Quinton Stewart" in the amount of $350, but this check did not have a signature on the line for the payor. These checks were admitted into evidence.
Mr. Brannon testified that on August 18, 2015, he received a phone call at 2:00 a.m. from a friend stating that his business was on fire. The next day he was allowed into the building. He noticed that his office door had been "kicked down" and his file cabinet, containing at least 100 payroll checks and some checkbooks, was missing. He immediately notified his bank of the theft.
Mr. Brannon identified the nine checks found in Defendant's vehicle as some of the payroll checks that were stolen from his office. He identified 17 stolen payroll checks that had been cashed. He testified that he did not know any of the persons identified as payees on the checks, one of which included payee "Quinton Stewart," and that he did not know who had forged the checks. He also testified that he did not know Defendant, that Defendant had never been an employee of BBH & A and that he had not given Defendant authority to possess any of the payroll checks. He stated that the payroll checks were purchased from a check vendor, but that he did not know the purchase price for each check since they were purchased in bulk.
Jennifer Pawlik testified that she met Defendant on Facebook in August 2015 after he posted pictures of "lots of money" saying that it was "easy money." She contacted him through Facebook and asked how she could also make "easy money." He told her that he had obtained the checks from a business that burned down, and the owner was unaware that the checks survived the fire. She stated that on August 23, 2015, she met with Defendant, and he gave her two blank payroll checks from BBH & A. She identified Check No. 28351, made payable to Dustin Hall for $1,223, as *782 one of the two checks that Defendant had given her. She testified that Defendant instructed her to make out the checks for "around a thousand dollars," but no more than $1,500. In return, she was to give Defendant $500 from the proceeds of each of the cashed checks. She stated that she then gave the completed check to her friend, Justin Hall, to cash and that she did not expect to receive any of the proceeds from the check. She confirmed that she had facilitated the meeting with Defendant in the parking lot where he was apprehended by the Bossier City Police Department. The state rested, and the defense did not present evidence.
Defendant was convicted as charged. He filed a motion for new trial, which was denied. He was sentenced to ten years at hard labor. This appeal followed.
DISCUSSION
Defendant argues that the evidence is insufficient to establish that the value of the stolen blank checks exceeded $1,500 or even $500. He claims the evidence supports no more than a misdemeanor grade violation of La. R.S. 14:69.
Defendant does not dispute that he was in possession of stolen payroll checks. Rather, he argues that the state failed to show that the value of the checks was $1,500 or more. He contends that the value of the stolen checks in his possession was "merely the cost of the blank checks," which he argues, for purposes of gradations of a theft-related offense, is the face value of the check. He also argues that the value of the stolen checks with respect to the offense of illegal possession of stolen things is the value of the checks at the time of their theft. He asserts that checks found in his actual or constructive possession have only nominal value because they were blank at the time of their theft and no evidence was presented proving otherwise. Because the stolen checks had only nominal value, he maintains that he could have been convicted of, at most, misdemeanor possession of stolen things. Therefore, he submits that his felony conviction must be reversed.
The state contends that the value of the stolen payroll checks is the face value of all of the cashed stolen payroll checks (which the state mistakenly identified as $4,380). It asserts that, regardless of the value of the checks that were actually cashed, the face value of the completed check found in Defendant's vehicle, written for $380, and the $1,223 face value of the check forged by Pawlik, were over $1,500.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia , 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ; State v. Tate , 01-1658 (La. 5/20/03), 851 So.2d 921, cert. denied , 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004) ; State v. Breedlove , 51,055 (La. App. 2 Cir. 1/11/17), 213 So.3d 1195, writ denied , 17-0270 (La. 11/6/17), 229 So.3d 468. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford , 05-0477 (La. 2/22/06), 922 So.2d 517 ; State v. Breedlove , supra ; State v. Dotie , 43,819 (La. App. 2 Cir. 1/14/09), 1 So.3d 833, writ denied , 09-0310 (La. 11/6/09), 21 So.3d 297. An appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Kelly , 15-0484 (La. 6/29/16), 195 So.3d 449 ; State v. Taylor , 47,400 (La. App. 2 Cir. 7/18/12), 103 So.3d 405, writ denied, 12-1898 (La. 3/8/13), 109 So.3d 355.
*783 In 2015, La. R.S. 14:69 provided, in pertinent part, as follows:
A. Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.
B.(1) Whoever commits the crime of illegal possession of stolen things, when the value of the things is one thousand five hundred dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
There are four essential elements for the crime of possession of a stolen thing: (1) the item was stolen; (2) the item was of value; (3) the defendant knew or should have known that the property was stolen; and (4) the defendant intentionally possessed, procured, received or concealed the property. State v. Walker , 350 So.2d 176 (La. 1977) ; State v. Morris , 41,651 (La. App. 2 Cir. 12/13/06), 945 So.2d 212, writ denied , 07-0087 (La. 9/21/07), 964 So.2d 331.
The prosecution need not prove actual possession in order to obtain a conviction for possession of stolen things. Instead, a conviction may be supported by a showing of constructive possession. Such possession exists when the item is within the defendant's dominion or control. State v. Morris , supra . In some cases, possession may be established by shared control. See State v. Drake , 45,172 (La. App. 2 Cir. 5/19/10), 37 So.3d 582, writ denied , 10-1468 (La. 1/14/11), 52 So.3d 899 (holding that possession of a controlled dangerous substance can be established by shared control). See also State v. Allen , 15-231 (La. App. 5 Cir. 10/14/15), 177 So.3d 771 ; State v. Ceaser , 09-236 (La. App. 3 Cir. 11/4/09), 21 So.3d 1122, writ denied , 09-2734 (La. 6/4/10), 38 So.3d 300.
In order to convict Defendant of theft of $1,500 or more, the state must prove that the value of the stolen checks in his actual or constructive possession equaled or exceeded $1,500. The valuation of blank checks for the purposes of grading an offense is a question of first impression in Louisiana. After examining Louisiana jurisprudence concerning the value of stolen checks and examining jurisprudence from other jurisdictions concerning the value of stolen blank checks, we conclude that the state failed to show that the value of the stolen payroll checks in Defendant's actual or constructive possession was $1,500 or more.
In State v. Harris , 97-0778 (La. 3/4/98), 708 So.2d 387, the stolen checks were completed checks, with an amount payable, a payee and a payor's signature. See also State v. Thomas , 99-1985 (La. App. 4 Cir. 1/5/00), 751 So.2d 979. Specifically, in State v. Harris , supra , the defendant stole a purse which held a check made payable to the owner of the purse in the amount of $161.50. The defendant was convicted of theft of items valued between $100 and $500 because the "face value" of the check was over $100.00. The appellate court reversed. The supreme court granted the state's writ to address the res nova question of how to value a stolen check for the purposes of grading the seriousness of the offense under Louisiana's general theft statute, La. R.S. 14:67. In reaching its decision, the supreme court looked to other jurisdictions and noted that they uniformly held that the value of a stolen check, in the absence of an applicable statute, is the amount for which it is drawn prior to its theft. Reversing the appellate *784 court and reinstating the conviction for theft of items valued at more than $100, the supreme court stated:
We hold the value of a stolen check for purposes of grading the offense under La. R.S. 14:67(B) is its face value, regardless of whether it has been endorsed by the victim. In reaching this conclusion, we are persuaded by the reasoning employed in the decisions rendered by the majority of the courts as discussed above. The face amount of the check is what the victim was entitled to receive immediately prior to the theft and is the amount the victim therefore lost.
The evidence in the case at bar established that Defendant was in actual possession of the checks found in the vehicle that he drove to the parking lot where he was arrested. Only one of those checks was completed, that to Quinton Stewart, but Mr. Brannon testified that the check was forged. At trial, the state also attributed the check found in Justin Hall's possession as being in the Defendant's shared or constructive possession. That check was forged by Pawlik. Defendant's control over the latter check, or any of the other forged and already cashed payroll checks, is irrelevant to this charge of illegal possession of stolen things because they are not evidence of a debt or a legal obligation between the payor and payee and they do not have any ascertainable value over the value of the paper upon which they are written.
No testimony was provided regarding the cost of each payroll check. Rather, Mr. Brannon stated that he had no information regarding how much he paid for each payroll check. He stated that his company buys the checks in bulk, but could not quantify the number of checks ordered with the price paid per order. Thus, the evidence reflects that the value of the checks in Defendant's actual or constructive possession was nominal. Nominal value is sufficient to support a conviction for possession of stolen things. See La. R.S. 14:2(2), which defines "anything of value." State v. Harris , supra .
We find that the state proved the four elements of the crime of possession of stolen things; however, considering the evidence in a light most favorable to the prosecution, the state failed to prove that the payroll checks in Defendant's possession were worth more than $500, much less $1,500. Despite this fact, we need not discharge Defendant, but, instead, can find that the evidence supports a conviction of a lesser and included offense, which is a legislatively authorized verdict. See State v. Wright , 36,635 (La. App. 2 Cir. 3/7/03), 840 So.2d 1271.
The responsive verdicts to the crime of illegal possession of stolen things valued at $1,500 or more includes illegal possession of stolen things valued at less than $500. See La. C. Cr. P. art. 814(D) ; La. R.S. 14:69(B)(3). The responsive verdict in this case included a verdict of illegal possession of stolen things at the lesser value. Accordingly, Defendant's conviction and sentence are vacated, a conviction of illegal possession of stolen property valued under $500 is entered and this matter is remanded for resentencing of Defendant for the crime of illegal possession of stolen property valued under $500.
CONCLUSION
For the aforementioned reasons, the conviction and sentence of Defendant John Lee Webster are vacated, a conviction of illegal possession of stolen property valued at under $500 is entered and the matter is remanded for sentencing.
CONVICTION AND SENTENCE VACATED; CONVICTION OF ILLEGAL
*785 POSSESSION OF STOLEN PROPERTY VALUED AT UNDER $500 ENTERED; MATTER REMANDED FOR RESENTENCING .

Defendant was charged and convicted under an earlier version of La. R.S. 14:69, which has now been amended.